THE STATE, ARTHUR CAVANAGH, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Submitted July 11, 1898—Decided February 27, 1899.

1. Under the Bayonne charter there is no power in the city council to rescind an award for land embraced in a street opening, where, after notice and hearing, such award has been confirmed and its payment ordered, and the council has adjourned without day.
2. The remedy to correct the mistake of making and completing an award for dedicated lands if it exists at all, is in a court of equity.
3. Municipal action wholly void as well as that only voidable is a proper object for attack by *certiorari;* but this court, in its discretion and for the public interest, may refuse to allow or maintain its prerogative writ, where the prosecutor's legal rights cannot be injuriously affected by such void action.

_____

On *certiorari.*

Before Justices LUDLOW and COLLINS.

For the prosecutor, *Hudspeth & Puster.*

For the defendant, *James Benny.*

The opinion of the court was delivered by

COLLINS, J. The mayor and council of the city of Bayonne in Februaary, 1894, ordained the opening of East Nineteenth

street (formerly Twenty-fifth street) between Avenues D and E as laid down upon the official map by which all streets in that city must be opened. Compensation for land within the *situs* of such street was at first awarded to the prosecutor of the present writ, but is now denied by the city on the ground of previous dedication. Rather than yield to the opening without compensation, the prosecutor, if possible, would defeat it altogether, and therefore makes the ordinance itself the subject of collateral attack. His writ calls only for the proceedings relative to awards and assessments, but both the petition and ordinance for the opening have been certified as the foundation for those proceedings and are properly before us. The defect alleged is that signatures affixed to the petition, professedly by procuration, in behalf of owners of land requisite to give jurisdiction to open the street, were unauthorized. To show this the burden of proof was on the prosecutor, for the presumption is that authority was duly established before the council. *Hudson* v. *Bayonne,* 25 *Vroom* 293. No such proof has been adduced, and we need not, therefore, consider whether the ordinance is thus indirectly assailable. Under the city charter it is too late for direct attack upon it. *Pamph. L.* 1872, *p.* 726, § 80.

The awards and assessments are, however, open to review. By the charter (*Pamph. L.* 1872, *p.* 713, § 58) the commissioners of assessment, to whom an ordinance for a street opening is referred, are required to report to the council the real estate to be taken, with an appraisement of its value and the damage done to the owner by reason of the taking, and an assessment of the probable cost of the improvement upon the property benefited. The council, after advertised notice, must consider the report and may refer it back to the commissioners for correction. When satisfied therewith the council, by resolution, confirms the awards and orders the improvements to be made, and in such case the charter commands that the council shall pass a resolution directing payment of the awards. Any assessment for benefits may be set off against an award for land taken, made in favor of

the same owner. Differences are adjusted on the final assessment of actual cost, which is made after the completion of the improvement, in the same proportions as the preliminary assessment.

In the case in hand the commissioners duly presented their report of awards and assessments. On May 15th, 1894, after notice and hearing, the council confirmed the awards and ordered the improvement to be made, and then passed the usual resolution for payment of the awards. The award in favor of the prosecutor exceeded the assessment against him by more than $1,500. These proceedings were entirely regular. On December 4th, 1894, the council passed a resolution to reconsider the confirmation and to refer back the commissioners' report for correction. On December 21st, 1894, a revised report was presented, awarding nothing to the prosecutor and assessing him about ten dollars as his share of awards to others and of incidental expenses. After long hesitation this revised report was confirmed on March 16th, 1897; and the resolution of confirmation is before us.

The attempted rescission, now challenged, is justified by the city on the claim that, before the passage of the ordinance to open East Nineteenth street, the prosecutor had dedicated to the public his land within that street, a fact discovered after the confirmation of the original award. This claim, if well founded, is meritorious, for an assessment made to pay for lands already dedicated may be successfully resisted. *White* v. *Bayonne*, 20 *Vroom* 311. Probably a court of equity can relieve against an award made by mistake, but I fail to find any authority for rescission by the city, *sua sponte*. After confirmation of an award in condemnation under a law like the charter of Bayonne, it is too late to retreat. The landowner has a vested right, by *mandamus* or action, to the compensation fixed. *Jersey City* v. *Gardner*, 6 *Stew. Eq.* 622, 628. It would be very dangerous to permit even a public corporation to re-open the proceedings at pleasure. The right given by the Bayonne charter to refer back the report for correction exists only so long as the hearing is

pending.    No warrant can be found for such action after the report has been confirmed and the advertised meeting adjourned without day.    The attempted rescission of the award to the prosecutors was wholly void, and relief against it is not necessary.    Ordinarily, this court will extend the aid of its prerogative writ of *certiorari* in order to remove the cloud of void municipal action prejudicial to a prosecutor.    *Carron v. Martin,* 2 *Dutcher* 594.    Such relief is, of course, discretionary and will be controlled by public interests.    If it seems wise the court may decline to interfere, thus relegating to the defensive one seeking but not needing relief.    When the present prosecutor essays to enforce his award the void rescission will present no real obstacle to his success at law. If the city has a remedy it is in equity.    The facts proved make so strong a case of dedication that we are unwilling to impair whatever aid the city's abortive attempt to correct the mistake of its officials may, against a charge of laches or otherwise, afford.    Besides, the rights of other landowners affected favorably by the reduced assessments should not be disturbed.

We have, therefore, concluded to dismiss this writ, but without costs.